



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/594,786 | 06/16/2000 | Gerald W. Ingram | 023460.00001 | 1228 |

24256   7590   01/28/2004
DINSMORE & SHOHL, LLP
1900 CHEMED CENTER
255 EAST FIFTH STREET
CINCINNATI, OH 45202

| EXAMINER |
|---|
| TRAN, PHILIP B |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2155 | |

DATE MAILED: 01/28/2004

30

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

EXHIBIT
CC

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 09/594,786 | INGRAM ET AL. |
| | Examiner | Art Unit |
| | Philip B Tran | 2155 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

**A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.**
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on _03 November 2003_.
2a) ☒ This action is **FINAL**.    2b) ☐ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) _173-177_ is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) _173-177_ is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. §§ 119 and 120

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All    b) ☐ Some *    c) ☐ None of:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.
13) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application) since a specific reference was included in the first sentence of the specification or in an Application Data Sheet. 37 CFR 1.78.
    a) ☐ The translation of the foreign language provisional application has been received.
14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121 since a specific reference was included in the first sentence of the specification or in an Application Data Sheet. 37 CFR 1.78.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____.
4) ☐ Interview Summary (PTO-413) Paper No(s). _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

Serial Number: 09/594,786　　　　　　　　　　　　　　　　　　　　　　　Page 2
Art Unit: 2155　　　　　　　　　　　　　　　　　　　　　　　　　　　Paper No. 30

*Response to Amendment*

1.　This office action is in response to the amendments filed on 11/3/2003. Claim 177 has been newly added. Therefore, claims 173-177 are pending and are presented for further examination.

2.　Applicant's arguments have been fully considered but they are not persuasive because of the following reasons :

In response to applicants' arguments, the law of anticipation requires that a distinction be made between the invention described or taught and the invention claimed. It does not require that the reference "teach" what the subject patent teaches. Assuming that a reference is properly "prior art," it is only necessary that the claims under consideration "read on" something disclosed in the reference, i.e., all limitations of the claim are found in the reference, or "fully met" by it. See *Colman v. Kimberly-Clark Corp.*, **218 USPO 789.**

Newfield teaches a method of operating a computer comprising providing a visual display, displaying digital content in a first window on the visual display, the digital content including a hyperlink, providing a graphical interface on the visual display that is operative to effectuate a designation of a hyperlink. For example, visually displaying a window that contains hyperlinks [see Figs. 1-2]. In addition, Newfield further teaches visually generating a plurality of individually selectable user options (= buttons of Figs. 1-2) on the visual display in response to the designation of the hyperlink, including at least one option for performing the non-linking functionality of automatically copying the

Serial Number: 09/594,786											Page 3
Art Unit: 2155												Paper No. 30

hyperlink to a second window in a manner that permits the copied hyperlink to be independently activated and processed, and selecting the individually selectable user option of copying the hyperlink to a second window and automatically performing such non-linking functionality of automatically copying the hyperlink to a second window in response to the selection . For example, storing the pending links in another window [see Figs. 1-2 and Pages 4-6].

Newfield does suggest the non-linking functionality comprises copying any associated graphical elements corresponding to the hyperlink to the second window. For example, displaying pending links and some associated graphical elements such as colors ... [see Page 6]. Newfield does not explicitly teach the associated graphical element comprises a graphical image corresponding to the hyperlink. However, Jain, in the same field of copying hyperlink with image to display on bookmark window endeavor [see Jain, Abstract], discloses the use of copying any associated graphical element such as graphical image corresponding to the hyperlink to the second window [see Jain, Paragraph 0022]. It would have been obvious to one of ordinary skill in the art at the time of the invention was made to incorporate the use of copying a graphical image corresponding to the hyperlink to the second window, disclosed by Jain, into the method of visually generating, displaying and automatically selecting individually selectable user options disclosed by Newfield, in order to improve the user friendly aspect of being easier to recognize the hyperlink by viewing its associated graphical image.

Serial Number: 09/594,786                                            Page 4
Art Unit: 2155                                                    Paper No. 30

In response to applicant's argument that the references fail to show certain features of applicant's invention, it is noted that the features upon which applicant relies (i.e., (1) the program to visually generate user options in response the designation of a hyperlink and (2) a plurality of individually selectable user options be presented to the user in response to the designation of a hyperlink) are not recited in the rejected claim(s). Although the claims are interpreted in light of the specification, limitations from the specification are not read into the claims. See **In re Van Geuns, 988 F.2d 1181, 26 USPQ2d 1057 (Fed. Cir. 1993).**

Therefore, the examiner asserts that the cited prior arts teach or suggest the subject matter broadly recited in independent claims. Claims 174-175 are rejected at least by virtue of their dependency on independent claims and by other reasons set forth below. Accordingly, rejections for claims 173-177 are respectfully maintained.

### *Claim Rejections - 35 U.S.C. § 102*

3.     The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

4.     Claims 173-176 are rejected under 35 U.S.C. § 102(b) as being anticipated by Newfield et al (Hereafter, Newfield), "Scratchpad : Mechanisms for Better Navigation in Directed Web Searching ", ACM 1998.

Regarding claim 173, Newfield teaches a method of operating a computer, comprising :

providing a visual display, displaying digital content in a first window on the visual display, the digital content including a hyperlink, providing a graphical interface on the visual display that is operative to effectuate a designation of a hyperlink (i.e., visual display window containing hyperlinks) [see Figs. 1-2]; and

visually generating a plurality of individually selectable user options on the visual display in response to the designation of the hyperlink, including at least one option for performing the non-linking functionality of automatically copying the hyperlink to a second window in a manner that permits the copied hyperlink to be independently activated and processed, and selecting the individually selectable user option of copying the hyperlink to a second window and automatically performing such non-linking functionality of automatically copying the hyperlink to a second window in response to the selection (i.e., storing pending links in another window) [see Figs. 1-2 and Pages 4-6].

Regarding claim 174, Newfield further teaches the method of claim 173 wherein multiple hyperlinks are copied to a second window and where each of the copied hyperlinks can be independently activated and processed (i.e., each pending link can be visited separately at a later time) [see Pages 6-7].

Regarding claim 175, Newfield further teaches the method of claim 173 where the non-linking functionality further comprises copying any associated graphical

Serial Number: 09/594,786 Page 6
Art Unit: 2155 Paper No. 30

elements corresponding to the hyperlink to the second window (i.e., displaying pending links and some associated graphical elements such as colors ...) [see Page 6].

Claim 176 is rejected under the same rationale set forth above to claim 173.

### Claim Rejections - 35 USC § 103

5. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary. Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g) prior art under 35 U.S.C. 103(a).

6. Claim 177 is rejected under 35 U.S.C. 103(a) as being unpatentable over Newfield et al (Hereafter, Newfield), "Scratchpad : Mechanisms for Better Navigation in Directed Web Searching ", ACM 1998 in view of Jain, U.S. Patent Application Publication No. 2003/0030679 A1.

Serial Number: 09/594,786                                         Page 7
Art Unit: 2155                                                    Paper No. 30

Regarding claim 177, Newfield teaches a method of operating a computer, comprising:

providing a visual display, displaying digital content in a first window on the visual display, the digital content including a hyperlink, providing a graphical interface on the visual display that is operative to effectuate a designation of a hyperlink (i.e., visual display window containing hyperlinks) [see Figs. 1-2]; and

visually generating a plurality of individually selectable user options on the visual display in response to the designation of the hyperlink, including at least one option for performing the non-linking functionality of automatically copying the hyperlink to a second window in a manner that permits the copied hyperlink to be independently activated and processed, and selecting the individually selectable user option of copying the hyperlink to a second window and automatically performing such non-linking functionality of automatically copying the hyperlink to a second window in response to the selection (i.e., storing pending links in another window) [see Figs. 1-2 and Pages 4-6].

Newfield does suggest the non-linking functionality comprises copying any associated graphical elements corresponding to the hyperlink to the second window (i.e., displaying pending links and some associated graphical elements such as colors ...) [see Page 6]. Newfield does not explicitly teach the associated graphical element comprises a graphical image corresponding to the hyperlink. However, Jain, in the same field of copying hyperlink with image to display on bookmark window endeavor [see Jain, Abstract], discloses the use of copying any associated graphical element

Serial Number: 09/594,786                            Page 8
Art Unit: 2155                                  Paper No. 30

such as graphical image corresponding to the hyperlink to the second window [see Jain, Paragraph 0022]. It would have been obvious to one of ordinary skill in the art at the time of the invention was made to incorporate the use of copying a graphical image corresponding to the hyperlink to the second window, disclosed by Jain, into the method of visually generating, displaying and automatically selecting individually selectable user options disclosed by Newfield, in order to improve the user friendly aspect of being easier to recognize the hyperlink by viewing its associated graphical image.

### *Conclusion*

7.    **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CAR 1.136(a).

      A SHORTENED STATUTORY PERIOD FOR REPLY TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE MAILING DATE OF THIS ACTION. IN THE EVENT A FIRST REPLY IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 CAR 1.136(A) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT, HOWEVER, WILL THE STATUTORY PERIOD FOR REPLY EXPIRE LATER THAN SIX MONTHS FROM THE MAILING DATE OF THIS FINAL ACTION.

Serial Number: 09/594,786  Page 9
Art Unit: 2155  Paper No. 30

8. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Philip Tran whose telephone number is (703) 308-8767. The Group fax phone number is (703) 872-9306.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Hosain T. Alam, can be reached on (703) 308-6662.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 305-3900.

PBT
Philip Tran
Art Unit 2155
Jan 15, 2004

**HOSAIN ALAM**
**SUPERVISORY PATENT EXAMINER**