


Docket No: 29269-2

**CERTIFICATE OF MAILING**

I hereby certify that this paper is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop AF, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on

April 28, 2004
Bonnie S. Herne

**PATENT**
--EXPEDITED PROCESSING UNDER 37 C.F.R. 1.116--

## IN THE UNITED STATES PATENT & TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Gerald W. Ingram et al. | : |
| Serial No.: | 09/594,786 | : Group Art Unit: 2155 |
| Filed: | June 16, 2000 | : Examiner: Tran, Philip B. |
| For: | Method for Adding a User Selectable Function to a Hyperlink | : |

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**RECEIVED**
MAY 0 5 2004
Technology Center 2100

Dear Sir:

Transmitted herewith is a Request for Reconsideration in the above-identified application.

[ ]  additional fee is required.
[X]  also attached: return postcard

The fee has been calculated as shown below:

|  | NO. OF CLAIMS | HIGHEST PREVIOUS PAID FOR | EXTRA CLAIMS | RATE | FEE |
|---|---|---|---|---|---|
| Total Claims | 4 | 63 | 0 | x $18= | $.00 |
| Independent Claims | 4 | 14 | 0 | x $84 = | $.00 |
|  |  |  | **TOTAL FEE DUE** |  | $0.00 |

[ ]  A check in the amount of $ is enclosed.

[ ]  Please charge the amount of $0.00 to our Visa credit card account. Form PTO-2038 is attached.

[x]  The Commissioner is hereby authorized to charge payment of any additional fees associated with this communication or credit any overpayment, to Deposit Account No. 04-1133, including any filing fees under 37 CFR 1.16 for presentation of extra claims and any patent application processing fees under 37 CFR 1.17.

Respectfully submitted,

By: _____
Geoffrey L. Oberhaus
Registration No. 42,955

DINSMORE & SHOHL, LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
(513) 977-8623
Date: April 28, 2004

1010636_1.DOC


EXHIBIT DD

## REMARKS

The Official Action dated January 28, 2004, has been carefully considered. Accordingly, it is believed the following remarks demonstrate the patentability of claims 173-177, and places the present application in condition for allowance. Reconsideration and allowance of the claims is respectfully requested.

In the Official Action, claims 173-176 were rejected under 35 U.S.C. § 102(b) as being anticipated by Newfield et al., "Scratchpad: Mechanisms for Better Navigation in Directed Web Searching", ACM 1998 (hereafter "Newfield"). The Examiner asserted that Newfield teaches a method of operating a computer comprising: providing a visual display, displaying digital content in a first window on the visual display, the digital content including a hyperlink, providing a graphical interface on the visual display that is operative to effectuate a designation of a hyperlink; and visually generating a plurality of individually selectable user options on the visual display in response to the designation of the hyperlink, including at least one option for performing the non-linking functionality of automatically copying the hyperlink to a second window in a manner that permits the copied hyperlink to be independently activated and processed, and selecting the individually selectable user option of copying the hyperlink to a second window and automatically performing such non-linking functionality of automatically copying the hyperlink to a second window in response to the selection.

However, as will be set forth in detail below, it is submitted that the methods of claims 173-176 are not anticipated by Newfield. Accordingly, this rejection is traversed and reconsideration is respectfully requested.

As defined by claim 173, the present invention is directed to a method of operating a computer. The method comprises providing a visual display; displaying digital content in a first window on the visual display, the digital content including a hyperlink; providing a graphical interface on the visual display that is operative to effectuate a designation of a

hyperlink; **visually generating a plurality of individually selectable user options** on the visual display in response to the designation of the hyperlink, including at least one option for performing the non-linking functionality of automatically copying the hyperlink to a second window in a manner that permits the copied hyperlink to be independently activated and processed; and selecting the individually selectable user option of copying the hyperlink to a second window and automatically performing such non-linking functionality of automatically copying the hyperlink to a second window in response to the selection.

As defined by claim 176, the present invention is directed to a method of operating a computer. The method comprises: providing a visual display; displaying digital content in a first window on the visual display, the digital content including a hyperlink; providing a graphical interface on the visual display that is operative to effectuate a designation of a hyperlink; **visually generating a plurality of individually selectable user options** on the visual display in response to the designation of the hyperlink, including at least one option for performing the non-linking functionality of automatically creating a hyperlink for the displayed digital content, copying the created hyperlink for the displayed digital content to a viewable list in a second window, and loading the digital content associated with the designated hyperlink in the first window on the visual display; and selecting the individually selectable user option of automatically creating a hyperlink for the displayed digital content, copying the created hyperlink for the displayed digital content to a viewable list in a second window, and loading the digital content associated with the designated hyperlink in the first window on the visual display and performing such non-linking functionality in response to the selection.

Newfield discloses activating a program or option in a browser and then upon selection of a hyperlink copying the hyperlink to a list rather than opening the hyperlink. When the program (Scratchpad) is activated, the user only has one option when selecting a

hyperlink. That option being the copying of the hyperlink to a list for later viewing. Newfield does not disclose any visual generation of options presented to the user upon designation of a hyperlink. In addition, Newfield does not disclose a plurality of individually selectable user options presented to a user in response to designation of a hyperlink. Again, Newfield only discloses a single option that copies the hyperlink to a list. In contrast, the presently claimed invention requires the steps of the method to include: 1) **visually generating** user options in response to the designation of a hyperlink; and 2) generating a **plurality of** individually selectable user options be presented to the user in response to the designation of a hyperlink.

Anticipation under 35 U.S.C. §102 requires the disclosure in a single prior art reference of each element of the claims under consideration, *Alco Standard Corp. v. TVA*, 808 F.2d 1490, 1 U.S.P.Q.2d 1337, 1341 (Fed. Cir. 1986). As Applicants find no teaching or disclosure by Newfield of **visually generating** user options in response to the designation of the hyperlink and no teaching or disclosure by Newfield of a **plurality** of individually selectable user options presented to the user in response to the designation of the hyperlink, Newfield does not anticipate claims 173-176 under 35 U.S.C. §102.

Moreover, the Examiner asserts that Newfield teaches the limitations of dependent claim 175. Claim 175, which depends on independent claim 173, requires the additional limitation that the non-linking functionality further comprises copying any associated graphical elements corresponding to the hyperlink to the second window. The Examiner asserted that page 6 of Newfield taught this limitation by "displaying pending links and some associated graphical elements such as colors". However, the Examiner's attention is directed to page 5, column 1, 5th paragraph of Newfield: "The web page display has been modified to include additional color hues. Links in the pending queue and links determined to be uninteresting are marked in separate colors, chosen so as to not to be eye-catching. The

purple color used in today's commercial browsers to indicate visited links draws less attention than the blue color used for new links. In the same manner, muted colors were selected for the new link categories. **Links in the pending queue are color forest green.** Links previously indicated as uninteresting are drawn in brown." (emphasis added). As taught by Newfield - the associated graphical element corresponding to the hyperlink is not copied to the second window. Newfield teaches changing the color of the link when it is copied to the second window (i.e. change from blue to forest green, change from purple to forest green, or change from brown to forest green). As such, Newfield fails to teach the additional limitation of copying any associated graphical elements corresponding to the hyperlink to the second window. Accordingly, Newfield does not anticipate claim 175 under 35 U.S.C. §102.

It is therefore submitted that the presently claimed methods of operating a computer are not anticipated by Newfield, whereby the rejection under 35 U.S.C. §102(b) has been overcome. Reconsideration is respectfully requested.

In the Official Action, claim 177 was rejected under 35 U.S.C. §103(a) as being unpatentable over Newfield in view of Jain (U.S. Patent Application Publication No. 2003/0030679 A1). The Examiner conceded that Newfield does not teach copying any associated graphical elements corresponding to the hyperlink to the second window, wherein the associated graphical element comprises a graphical image corresponding to the hyperlink. The Examiner asserted that Jain teaches copying any associated graphical element such as graphical image corresponding to the hyperlink to the second window. The Examiner asserted it would have been obvious to incorporate the teachings of Jain into the method of Newfield.

However, as will be set forth in detail below, it is submitted that the presently claimed method of claim 177 is nonobvious over and patentable distinguishable from Newfield in

view of Jain. Accordingly, this rejection is traversed and reconsideration is respectfully requested.

As defined by claim 177, the present invention is directed to a method of operating a computer. The method comprises: providing a visual display; displaying digital content in a first window on the visual display, the digital content including a hyperlink; providing a graphical interface on the visual display that is operative to effectuate a designation of a hyperlink; visually generating a plurality of individually selectable user options on the visual display in response to the designation of the hyperlink, including at least one option for performing the non-linking functionality of automatically copying the hyperlink to a second window in a manner that permits the copied hyperlink to be independently activated and processed; and selecting the individually selectable user option of copying the hyperlink to a second window and automatically performing such non-linking functionality of automatically copying the hyperlink to a second window in response to the selection; wherein the non-linking functionality further comprises copying any associated graphical elements corresponding to the hyperlink to the second window, and further wherein the associated graphical element comprises a graphical image corresponding to the hyperlink.

To establish prima facie obviousness of the claimed invention, all the claim limitations must be taught or suggested by the prior art. *In re Royka*, 490 F.2d 981; 180 U.S.P.Q. 580 (CCPA 1974). Moreover, in order for references to be relied upon to support a rejection under 35 U.S.C. § 103 they must provide an enabling disclosure, i.e., they must place the claimed invention in the possession of the public. *Glaxo Inc. v. Novopharm Ltd.*, 34 U.S.P.Q.2d, 1565 (Fed. Cir. 1995); *In re Payne*, 203 U.S.P.Q. 245 (CCPA 1979). Newfield et al. in view of Jain fail to satisfy these requirements.

The teachings of Newfield are discussed above. The deficiencies of Newfield are not overcome with the combination of Jain. Moreover, Jain alone or in combination with

Newfield, fail to teach or suggest a method of operating a computer, comprising, *inter alia*, the act of: **visually generating a plurality of individually selectable user options** on the visual display in response to the designation of the hyperlink; and wherein the non-linking functionality comprises copying any associated graphical element corresponding to the hyperlink to the second window, wherein the associated graphical element comprises a graphical image corresponding to the hyperlink.

Moreover, when a rejection depends on the combination of prior art references, there must be some teaching, suggestion, or motivation to combine the references. *In re Rouffet*, 149 F.3d 1350, 1355, 47 U.S.P.Q.2d 1453, 1456 (Fed. Cir. 1998). The question is whether there is something in the prior art as a whole to suggest the desirability, and thus the obviousness of making the combination. *In re Beattie*, 974 F.2d 1309, 1311-1312, 24 U.S.P.Q.2d 1040, 1042 (Fed. Cir. 1992). Applicants find no teaching, suggestion or motivation for the combination of Newfield and Jain. In fact, Newfield teaches away from the Examiner's suggested combination. The Examiner's attention is directed to column 2, 2nd paragraph of Newfield, "Bookmarks, however, are often too persistent and place an undesirable management burden on the user." Jain discloses a method and system for adding a graphical image to bookmarks. "[R]eferences that teach away cannot serve to create a prima facie case of obviousness. *In re Gurley*, 27 F.3d 551, 553, 31 U.S.P.Q.2d 1130, 1132 (Fed. Cir. 1994). The problems discussed in Newfield relating to bookmarks are still relevant in the bookmarks of Jain. Accordingly, Newfield teaches away from the combination of Newfield with Jain. As such, Newfield, alone or in combination with Jain, do not render the presently claimed method obvious under 35 U.S.C. §103(a). Reconsideration is respectfully requested.

It is believed that the above represents a complete response to the Examiner's rejections under 35 U.S.C. §§102 and 103 and places the present application in condition for allowance. Reconsideration and an early allowance are requested.

Respectfully submitted,

By _____
Geoffrey L. Oberhaus
Registration No. 42,955
Attorney for Applicants
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8623

1010522_1.DOC