# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

| | |
|---|---|
| iLOR, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>      Defendant. | Civil Action No. 5:07-cv-00109-JMH |

**GOOGLE'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS (NOS. 1-17)**

Pursuant to Federal Rule of Civil Procedure 34, Google Inc. requests that Plaintiff iLOR, LLC produce for inspection and copying the following documents and other tangible things that are in its possession, custody, or control. Production shall take place at the offices of Fish & Richardson P.C., 225 Franklin St., Boston, MA 02110, or at such other locations and times as counsel for the parties may agree. The following definitions and instructions apply.

## DEFINITIONS

1. "Google" means Google Inc., including its officers, directors, employees, agents, attorneys, subsidiaries, and/or divisions.

2. "iLOR," "Plaintiff," "you," or "your" shall mean iLOR, LLC, as well as any predecessor, successor, parent, subsidiary, division, related company or other business entity, including any entity controlled by or operated by or on behalf thereof, including but not limited to Prefound.com, including all past and present officers, directors, employees, Persons acting in

joint-venture or partnership relationships with it, and agents and representatives (including consultants and attorneys) acting or purporting to act on behalf of any of the foregoing.

3. The term "document" is used in the broadest sense to include everything that is contemplated by Fed. R. Civ. P. 26 and 34, including without limitation documents stored in electronic form, such as electronic mail, computer source code, object code, and microcode, and documents stored on any media accessible by electronic means. A comment or notation appearing on any document that is not part of the original text is to be considered a separate document.

4. The term "thing" means any tangible object other than a document.

5. The terms "person" and "entity" include, but are not limited to, natural persons, law firms, partnerships, corporations, associations, and other legal entities, and divisions, departments, or other units thereof.

6. The terms "infringe" and "infringement" refer to any form of infringement actionable under United States law, including without limitation, direct infringement, contributory infringement, inducement to infringe, literal infringement, and/or infringement under the doctrine of equivalents.

7. The phrases "relate to" and "relating to" and "related to" mean in whole or in part constituting, containing, embodying, reflecting, describing, analyzing, identifying, stating, discussing, concerning, illustrating, referring to, dealing with, or in any way pertaining to.

8. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

9. The singular shall include the plural and vice versa. Any pronoun should be construed to refer to the masculine, feminine, or neuter gender as in each case is most

appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive. The term "any" includes "all" and "all" includes "any;" "each" includes "every" and "every" includes "each;" and "includes" or "including" means "including, but not limited to."

10. The "'839 patent" means United States Patent No. 7,206,839 and/or the application that resulted in United States Patent No. 7,206,839.

11. "Related Application" shall mean any application for the issuance of a patent which is related to any of the applications for the '839 patent, including any continuation, continuation-in-part, divisional, reexamination, reissue, ancestors (including parents, grand parents, etc.), or foreign counterpart, and any other application for issuance of a patent disclosing, describing, or claiming any invention disclosed, described, or claimed in the '839 patent, whether or not said application has been abandoned and whether or not said application has issued.

12. "Related Patent" shall mean any issued patent that issued based upon a Related Application.

13. The term "Notebook" refers to any versions of Google Notebook, including alpha, beta and production versions, and includes all associated documentation, installation tools, and software elements, e.g., server processes and client plug-ins.

14. The term "iLOR's Websites" includes www.prefound.com, www.ilor.com, as well any other web pages under iLOR's control.

15. The term "iLOR's Services" includes any web-based services, software tools, or other services provided by iLOR, within the scope of the subject matter of the '839 patent, including but not limited to those available at www.prefound.com, e.g., PFfinder.

16.     "Litigation" shall mean the action initiated by iLOR, LLC in the United States District Court for the Eastern District of Kentucky, entitled *iLOR, LLC v. Google Inc.*, and assigned Case No. 5:07-cv-00109-JMH.

17.     The term "iLOR's Motion" refers to iLOR's Motion for Preliminary Injunction, (Dkt. # 12), including all supporting documents, filed in the above-captioned Litigation.

18.     The term "iLOR's Brief" refers to the Memorandum filed by iLOR in support of its Motion for Preliminary Injunction (Dkt. #12-2).

## **INSTRUCTIONS**

1.      These requests shall apply to all documents in your possession, custody, or control at the present time, or coming into your possession, custody, or control during the Litigation. If you know of the existence, past or present, of any documents and things requested herein, but are unable to produce such documents and things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody, or control of the documents or things.

2.      All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together will all other documents from said file, docket, or grouping in the same order or manner of arrangement as the original. File folders with tabs or labels identifying documents should be produced intact with such documents. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced.

3. Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived in a manner to make the materials intelligible.

4. The selection of documents from the files and other sources and the numbering of such documents shall be performed in a manner that will allow counsel for Google to determine the source of each document, if necessary.

5. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

6. For any responsive documents or tangible things that have been lost or destroyed, you shall provide a written statement setting forth (a) the identity of the document; (b) the nature of the document (e.g. letter, memorandum, etc.); (c) the identity of all persons who either sent or received the original or any copy of the document; (d) the date of the document; (e) a description of the subject matter of the document; and (f) the circumstances of the loss or destruction of the document.

7. If you decline to produce any document or part thereof based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient to (a) disclose the facts upon which you rely in asserting your claim; (b) to permit the grounds and reasons for withholding the document to be identified; and (c) to permit the information withheld to be identified. This information should include the basis for the privilege claimed (or statute, rule, or decision upon which you rely), the name and address of the author(s), addressee(s), the date, the type of document (e.g., letter, memo, etc.), the subject matter of the document, and the name and address of every recipient of the original or any copy of the document.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and things that supported, formed a basis for, were used and/or considered in the preparation of iLOR's Motion.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and things concerning any investigations, tests, studies, or analyses of the function and operation of Notebook, including but not limited to all documents relied on by Plaintiff to allege that Notebook infringes the '839 patent.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show the number of registered users of iLOR's Services, by week, from 2000 to present.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the weekly traffic for each of iLOR's Websites from 2000 to present.

**REQUEST FOR PRODUCTION NO. 5:**

All business plans, analyses, studies and/or proposals related to iLOR, iLOR's Services, and iLOR's Websites.

**REQUEST FOR PRODUCTION NO. 6:**

All communications between iLOR and investors and/or potential investors.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show the features or functionality of iLOR's Services.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show iLOR's business model as well as actual and projected figures for sales, market share, market size, revenue, and profits, from 2000 to present, including but not limited to those figures related to iLOR's Services.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and things concerning actual and planned promotion of iLOR's Services from 2000 to present, including, but not limited to the "planned media campaign" referenced on Page 4 of iLOR's Brief, and the planned "nationwide public relations campaign" referenced on Page 3 of the Affidavit of Stephen Mansfield (Exhibit R to iLOR's Motion ("Mansfield Affidavit")) and on Page 5 of iLOR's Brief.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and things related to iLOR's "damage control tactics" referenced on Page 4 of iLOR's Brief.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things that supported, formed a basis for, were used and/or considered in the preparation of the Mansfield Affidavit, including but not limited to documents demonstrating the statement in ¶ 10 that "[w]ithout investment, iLOR will have no recourse except to go out of business."

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show iLOR's budgeted and actual expenditures for marketing or promoting iLOR's Services from 2000 to the present.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to communications or correspondence between iLOR and Google.

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to communications between iLOR and any Person that relate to the subject matter of the '839 patent, the claimed inventions of the '839 patent, the prosecution of the '839 patent, any alleged infringement of the '839 patent, the validity and/or enforceability of the '839 patent.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things concerning the prosecution of the '839 patent, Related Application and Related Patent, including invention disclosures, patent searches, prior art, inventor correspondence and memoranda, and all documents submitted to or received from the U.S. Patent and Trademark Office, any foreign patent office, or any person representing Plaintiff and/or its predecessors in interest before a foreign patent office.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning internal communications or communications with any party or third-party concerning Notebook, this Litigation, or iLOR's Services, including communications or correspondence with users, potential users or reviewers.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and things relating to the development or attempted development by any Person or Entity of any product or technology covered by or disclosed in the '839 patent, including the conception and reduction to practice of the alleged inventions of the '839 patent.

Dated: September 4, 2007

/s/ Peter J. Kirk

Frank E. Scherkenbach
Kurt L. Glitzenstein
Peter J. Kirk
Matthew J. Leary
**Fish & Richardson, P.C.**
225 Franklin Street
Boston, MA 02110-2804
Phone: (617) 542-2804
Facsimile: (617) 542-8906

James R. Higgins, Jr. (KBA No. 31790)
Bradley E. Cunningham (KBA No. 89481)
**Middleton Reutlinger**
2500 Brown & Williamson Tower
Louisville, KY 40202-3410
Phone: (502) 584-1135
Facsimile: (502) 561-0442

Attorneys for Google, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing GOOGLE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-17) has been served via e-mail and Federal Express (overnight delivery) on September 4, 2007 on the following counsel of record:

| | |
|---|---|
| David E. Schmit, Esq.<br>Susan Grogan Faller, Esq.<br>**Frost Brown Todd LLC**<br>2200 PNC Center<br>201 E. Fifth Street<br>Cincinnati, OH 45202-4182<br>Telephone: 513-651-6985<br>Facsimile: 513-651-6981 | Attorneys for Defendant<br>iLOR, LLC |

_____
(Peter J. Kirk)