**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**at LEXINGTON**

*Electronically Filed*

iLOR, LLC,

    Plaintiff,

  v.            Civil Action No. 5:07-cv-00109-JMH

GOOGLE INC.,

    Defendant.

**DEFENDANT GOOGLE'S ANSWER TO PLAINTIFF'S**
**AMENDED AND SUPPLEMENTAL COMPLAINT**

NOW COMES Defendant Google Inc. ("Google"), by its attorneys Fish & Richardson P.C. and Middleton Reutlinger, pursuant to Rules 8 and 12(a)(4)(A) of the Federal Rules of Civil Procedure, responding to Plaintiff iLOR LLC's ("Plaintiff" or "iLOR") Amended and Supplemental Complaint With Jury Demand (the "Amended Complaint").

Google denies each and every allegation contained in the Amended Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Google denies that Plaintiff is entitled to the relief requested or any other.

1.  Google is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore denies the allegations.

2.  Google admits that it is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California in Santa Clara County. Google admits that Plaintiff's Amended Complaint purports to state a claim for patent

infringement, but denies that such claim has merit.  Google admits that it engages in business activities via the Internet, which can be accessed in Kentucky, and in this District.  Google denies the remaining allegations of paragraph 2.

3.    Admitted.

4.    Denied.

5.    Google admits that United States Patent No. 7,206,839 (the "'839 patent") is entitled "Method for Adding a User Selectable Function to a Hyperlink," was issued by the United States Patent and Trademark Office ("USPTO") on April 17, 2007, and is attached as Exhibit A to Plaintiff's original Complaint (Docket No. 1).  Google denies that the '839 patent was duly and legally issued by the USPTO.

6.    Google is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6, and therefore denies these allegations.

7.    Denied.

8.    Google denies that it infringes the '839 patent.  Google further denies the remaining allegations of paragraph 8.

9.    Google denies that it infringes the '839 patent.  Google further denies the remaining allegations of paragraph 9.


## RESPONSE TO PLAINTIFF'S REQUEST FOR JUDGMENT AND RELIEF

10.    Google denies that Plaintiff is entitled to any relief whatsoever in this action, either as prayed for in its Amended Complaint or otherwise.


## AFFIRMATIVE DEFENSES

### First Affirmative Defense

11.    Google does not infringe and has not infringed any claims of the '839 patent, either directly, contributorily, or by inducement.

### Second Affirmative Defense

12.     The claims of the '839 patent are invalid and unenforceable because they fail to satisfy conditions for patentability specified in 35 U.S.C. § 101, et seq., including, without limitation, sections 101, 102, 103, and 112.

**Third Affirmative Defense**

13.     The '839 patent is unenforceable due to inequitable conduct in its procurement in violation of duties imposed by 37 C.F.R. § 1.56.

14.     iLOR, through its inventors, attorneys and/or agents, committed inequitable conduct during prosecution of the patent application that issued as the '839 patent that renders the '839 patent unenforceable.  On information and belief, the acts of inequitable conduct included intentionally deceiving the United States Patent Office by withholding material information.  Such information included prior art, including at least prior art Netscape Navigator software ("Netscape Navigator") and U.S. Patent No. 5,515,496 (the "Kaehler Patent"), both of which were highly material to the patentability of the claims of the '839 patent.

15.     On February 14, 2005, iLOR's patent attorney filed U.S. Patent Application 11/056,161, entitled "Method for Adding a User Selectable Function to a Hyperlink," (the "'839 application") on behalf of iLOR and the named inventors Gerald W. Ingram and Steve Mansfield.  This '839 application issued as the '839 patent on April 17, 2007.

16.     Versions of Netscape Navigator constitute prior art to the '839 application.

17.     iLOR, its attorneys and/or agents knew about Netscape Navigator during the pendency of the '839 application.

18.     On information and belief, iLOR, its attorneys and/or agents knew during the pendency of the '839 application that versions of Netscape Navigator constitute prior art to the '839 application.

19.     On information and belief, iLOR, its attorneys and/or agents knew during the pendency of the '839 application about the high materiality of Netscape Navigator.

20.     The '839 application included an incomplete discussion of Netscape Navigator.

21.     On information and belief, iLOR, its attorneys and/or agents knew during the pendency of the '839 application about features and aspects of Netscape Navigator that were not disclosed during the pendency of the '839 application.

22.     The undisclosed features of Netscape Navigator were highly material to the patentability of the '839 application.

23.     On information and belief, iLOR, its attorneys and/or agents knew during the pendency of the '839 application about the high materiality of the undisclosed features of Netscape Navigator.

24.     On information and belief, iLOR, its attorneys and/or agents withheld from the United States Patent Office the undisclosed features of Netscape Navigator with the intent to deceive the United States Patent Office in allowing the '839 application, and granting the '839 patent.

25.     On December 26, 2006, the European Patent Office ("EPO") rejected EP 1290584 (the "'584 EP application"), a European patent application related to the '839 patent.  The EPO rejected certain claims of the related '584 EP application based on four patents, including the Kaehler Patent.

26.     The Kaehler Patent is prior art to the '839 patent.

27.     On information and belief, iLOR, its attorneys and/or agents knew about the Kaehler Patent during the pendency of the '839 application.

28.     On information and belief, iLOR, its attorneys and/or agents knew during the pendency of the '839 application that the Kaehler Patent is prior art to the '839 patent.

29.     The Kaehler Patent is highly material to the patentability of the '839 patent.

30.     On information and belief, iLOR, its attorneys and/or agents knew during the pendency of the '839 application that the Kaehler Patent is highly material to the patentability of the '839 patent.

31.     Neither iLOR, its attorneys, nor agents disclosed the Kaehler Patent to the USPTO during the pendency of the '839 application.

32.     On information and belief, iLOR, its attorneys and/or agents withheld from the United States Patent Office the Kaehler Patent with the intent to deceive the United States Patent Office in allowing the '839 application, and granting the '839 patent.

33.     On information and belief, the United States Patent Office was, in view of the foregoing, improperly persuaded to allow the '839 patent to issue.

## COUNTERCLAIM

Google, for its counterclaim against Plaintiff iLOR, states and alleges as follows:

### Nature of the Action

34.     This counterclaim seeks a declaratory judgment of noninfringement, invalidity, and unenforceability of the '839 patent asserted by iLOR in this action.  Google seeks judgment under the patent laws of the United States, 35 U.S.C. § 101, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

### The Parties

35.     Google is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

36.     Upon information and belief, iLOR is a corporation organized and existing under the laws of the State of Kentucky, having its principal place of business at 1710 Alexandria Dr. Ste 4, Lexington, KY 40504.

### Jurisdiction and Venue

37.     This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

38.     iLOR has consented to personal jurisdiction by commencing its action for patent infringement in this judicial district, as set forth in Plaintiff's Amended and Supplemental Complaint with Jury Demand.

39.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400.

## Count I

40.    Google has not infringed and does not currently infringe any claim of the '839 patent, either directly, contributorily or by inducement.

## Count II

41.    The claims of the '839 patent are invalid and unenforceable because they fail to satisfy conditions for patentability specified in 35 U.S.C. § 101, et seq., including, without limitation, sections 101, 102, 103, and 112.

## Count III

42.    Google restates the allegations in Google's Third Affirmative Defense, paragraphs 13-33.

43.    The '839 patent is unenforceable because iLOR, through its inventors, attorneys, and/or agents, committed inequitable conduct during the prosecution of the patent application that issued as the '839 patent that renders this patent unenforceable.  These acts of inequitable conduct include intentionally deceiving the patent office by withholding material information. Such information includes prior art, including at least prior art Netscape Navigator software and U.S. Patent No. 5,515,496, both of which were highly material to the patentability of the claims of the '839 patent.

## PRAYER FOR RELIEF

WHEREFORE, Google respectfully requests that this Court enter judgment in Google's favor against iLOR, and issue an order:

A.    That Google has not infringed and is not infringing, either directly, indirectly, or otherwise, any valid enforceable claim of the '839 patent;

B.    That the claims of the '839 patent are invalid and unenforceable;

C.      A permanent injunction preventing iLOR, including its officers, agents, employees, and all persons acting in concert or participation with Plaintiff, from charging that the '839 patent is infringed by Google;

D.      That iLOR take nothing by its Amended Complaint;

E.      Denying iLOR's request for injunctive relief;

F.      Dismissing iLOR's Amended Complaint with prejudice;

G.      Awarding Google's costs and attorneys' fees incurred in defending this action; and

H.      Awarding any other such relief as is just and proper.

## JURY DEMAND

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Google hereby requests a trial by jury for all issues so triable.

Dated: October 5, 2007

Respectfully submitted,


s/Brian P. McGraw
_____
James R. Higgins, Jr. (KBA No. 31790)
Brian P. McGraw (KBA No. 90447)
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville, KY  40202-3410
Phone:  (502) 584-1135
Facsimile:  (502) 561-0442

-and-

Frank E. Scherkenbach
Peter J. Kirk
Matthew J. Leary
FISH & RICHARDSON, P.C.
225 Franklin Street
Boston, MA  02110-2804
Phone:  (617) 542-2804
Facsimile:  (617) 542-8906

ATTORNEYS FOR DEFENDANT
GOOGLE, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing DEFENDANT GOOGLE'S ANSWER TO PLAINTIFF'S AMENDED AND SUPPLEMENTAL COMPLAINT was served by ECF on October 5, 2007 on the following counsel of record:

David E. Schmit                                Attorneys for Defendant
Eleanor Maria Farrell Schalnat          iLOR, LLC
William S. Morriss
**Frost Brown Todd LLC**
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202-4182
Telephone: 513-651-6985
Facsimile: 513-651-6981


                                                          _s/Brian McGraw_
                                                          _____

                                                          Brian P. McGraw

9