```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
iLOR, LLC,                    )
                              )
      Plaintiff,              )  Civil Action No. 5:07-109-JMH
                              )
v.                            )
                              )
GOOGLE, INC.                  )  MEMORANDUM OPINION AND ORDER
                              )
      Defendant.              )
                              )
```

                    **     **     **     **     **

This matter is before the Court on Defendant's Motion to Dismiss Remaining Claims and Counterclaims Without Prejudice and for Entry of Final and Appealable Judgment [Record No. 74]. Plaintiff has filed a Response [Record No. 79] in opposition to the motion, requesting that it be awarded its fees, expenses and costs associated with opposing the Motion. Defendant has filed a Reply [Record No. 81] in further support of its Motion.[1] These motions are now ripe for decision.

On April 17, 2007, iLOR, LLC (hereinafter, "iLOR"), filed a Complaint, alleging infringement of its patent by Google Inc.'s (hereinafter, "Google") Notebook product [Record No. 1]. On August 27, 2007, iLOR amended its complaint [Record No. 11] and filed a Motion for Preliminary Injunction [Record No. 12]. On October 5, 2007, Google filed an Answer to the Amended Complaint and

---

[1] Additionally, Plaintiff has filed a Motion for Leave to File a Surreply [Record No. 82]. Said motion shall be granted.

Counterclaim, seeking declaratory judgment of noninfringement as well as declarations of the invalidity of iLOR's patent and its unenforceability based on inequitable conduct [Record No. 47]. Finally, on October 17, 2007, Google filed a "Cross-Motion" for Summary Judgment [Record No. 52].

Following a hearing on November 19, 2007, and by virtue of an order dated November 30, 2007, this Court denied Plaintiff's motion for preliminary injunction and granted Defendant's cross-motion for summary judgment on the issue of infringement, determining that Google's Notebook software did not infringe U.S. Patent No. 7,206,839 (hereinafter, "'839 Patent"), the patent-in-suit and concluding that Plaintiff's claims were, thus, without merit. The Court entered a judgment on the same day [Record No. 71] which purported to dismiss all claims with prejudice and strike the matter from the active docket, stating that the order was final and appealable. However, Defendant's counterclaims for declaratory judgment based on the alleged invalidity of the '839 Patent and its alleged unenforceability based on inequitable conduct had not yet been resolved on their merits. On December 31, 2007, Plaintiff iLOR filed a Notice of Appeal [Record No. 72]. During the pendency of that appeal, Counterplaintiff Google filed the motion at bar, requesting that the Court dismiss the remaining counterclaims, without prejudice to reinstituting those counterclaims following the disposition of the appeal of this case to the Court of Appeals

for the Federal Circuit, and to then re-enter judgment on the basis of the fully resolved action upon the resolution of the appeal. Plaintiff opposed the motion, claiming that the Court does not have jurisdiction to consider the motion since the judgment dismissed the entire action, not simply the Complaint, and its Notice of Appeal divested this Court of jurisdiction.

The United States Court of Appeals for the Federal Circuit affirmed this Court's denial of injunctive relief to iLOR in a decision dated December 11, 2008. The Court of Appeals dismissed the remaining claims raised on appeal stating that its jurisdiction was limited under 28 U.S.C. § 1292(a)(1) to a review of this Court's denial of preliminary injunctive relief and declined to render a decision with regard to matters that remained before the district court. In other words, the Court of Appeals recognized that this Court had never reached a final decision on the merits of Google's counterclaims nor entered a judgment reflecting the relief awarded by the Court's November 30, 2007, Order. It considered all matters to be interlocutory and not yet ripe for appeal, with the exception of the denial of iLOR's motion for preliminary injunction.

All things considered, this Court has jurisdiction to entertain this motion. Further, the appeal being concluded, iLOR's objections are moot, in any event, and the Court shall proceed to consider whether Google's motion for voluntary dismissal of its

-3-

remaining counterclaims without prejudice is meritorious. Fed. R. Civ. P. 41(a)(2) provides that a voluntary dismissal without prejudice must take place by court order as follows:

> Except as provided in Rule 41(a)(1)[2], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

In this regard, the Court notes that:

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. *Ikospentakis v. Thalassic S.S. Agency,* 915 F.2d 176, 177 (5th Cir. 1990). Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit. *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 473 (7th Cir. 1988).

---

[2] Fed. R. Civ. P. 41(a)(1) provides that a plaintiff may voluntarily dismiss an action without a court order where that party files a "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared." Neither of these circumstances being applicable with regard to the Counterclaim, the Court shall proceed pursuant to Fed. R. Civ. P. 41(a)(2).

*Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

In determining whether a defendant will suffer plan legal prejudice, this Court considers such factors as:

> . . . defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* at 718 (citing *Kovalic,* 855 F.2d at 474).

In this instance, iLOR has not documented any effort or expense of preparation for trial nor is there evidence of delay or lack of diligence on the part of Google.  Google's desire for finality in this matter is a sufficient explanation for the need to take a dismissal, and the Court is persuaded that iLOR will suffer no legal prejudice if the remaining counterclaims are dismissed without prejudice.  Google's motion is well received and will be granted in part and denied as moot in part.

As the judgment entered on November 30, 2007 [Record No. 71] does not accurately reflect the decisions of the Court and would appear to be at odds with the relief granted by this Court in its Memorandum Opinion and Order of November 30, 2007 [Record No. 70] and this Memorandum Opinion and Order, the Court, upon its own motion, will correct its November 30, 2007 [Record No. 71], Judgment under Fed. R. Civ. P. 60(a), citing a mistake arising from

-5-

oversight or omission. The Judgment [Record No. 71] shall be stricken and held for naught, and a new judgment entered.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Leave to File a Surreply [Record No. 82] shall be, and the same hereby is, **GRANTED**

(2) that the Clerk shall file a copy of the surreply tendered by Plaintiff in the record of this matter;

(3) that Defendant's Motion to Dismiss Remaining Claims and Counterclaims Without Prejudice and for Entry of Final and Appealable Judgment [Record No. 74] shall be, and the same hereby is, **GRANTED IN PART** and **DENIED AS MOOT IN PART**;

(4) that Plaintiff's request for an award of its fees, expenses and costs associated with opposing Google's Motion to Dismiss Remaining Claims and Counterclaims Without Prejudice and for Entry of Final and Appealable Judgment [Record No. 79] shall be, and the same hereby is, **DENIED**;

(5) that the Court's Judgment dated October 31, 2007 [Record No. 71], shall be, and the same hereby is, **STRICKEN AND HELD FOR NAUGHT**.

This the 12th day of December, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge